Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
CILENTI & COOPER, PLLC
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

| | | |
|---|---|---|
| JORGE EMILIO HORNA MARTINEZ, on behalf of himself and others similarly situated, | : | Case No. |
| | : | |
| Plaintiffs, | : | **COMPLAINT** |
| -against- | : | |
| | : | |
| CONGREGATION MACHNA SHALVA, INC, BOBOV YESHIVA BNEI ZION, MENACHEM GOLDBERG, and JOSEPH DEUTSCH, | : | |
| | : | |
| Defendants. | | |

------------------------------------------------------------------X

        Plaintiff, Jorge Emilio Horna Martinez ("Plaintiff"), on behalf of himself and

other similarly situated employees, by and through his undersigned attorneys, Cilenti &

Cooper, PLLC, files this Complaint against Defendants, Congregation Machna Shalva,

Inc., Bobov Yeshiva Bnei Zion, Menachem Goldberg, and Joseph Deutsch (collectively,

"Defendants"), and states as follows:

## INTRODUCTION

        1.        Plaintiff, Jorge Emilio Horna Martinez, alleges, that pursuant to the Fair

Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to

recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime

compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.     Plaintiff, Jorge Emilio Horna Martinez, further alleges, that pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day he worked ten (10) or more hours; (4) liquidated damages pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.     Defendant, Congregation Machna Shalva, Inc., is a New York religious corporation operating multiple religious schools throughout Brooklyn, New York, and has a management office at 4820 16th Avenue, Brooklyn, New York 11204.

6.     Defendant, Bobov Yeshiva Bnei Zion, is a domestic religious organization organized and existing under the laws of the State of New York, which operates multiple religious schools in Brooklyn, New York, and has a principal operating address at 1315 43rd Street, Brooklyn, New York 11219.

2

7.     Defendants, Congregation Machna Shalva, Inc., and Bobov Yeshiva Bnei Zion, manage, operate, maintain, and control religious schools in Kings County, New York.

8.     The schools owned and operated by Defendants, Congregation Machna Shalva, Inc., and Bobov Yeshiva Bnei Zion, are associated as a single enterprise, engaging in related activities, namely, the preschool and elementary education of school boys and girls in Brooklyn. New York.

9.     The schools owned and operated by Congregation Machna Shalva, Inc., and Bobov Yeshiva Bnei Zion, paid their employees by the same method, shared control over the employees, and are themselves under common control.

10.    Plaintiff Jorge Emilio Horna Martinez is an adult individual and former employee of Defendants.

11.    The performance of Plaintiff's job responsibilities, as well as the responsibilities of other similarly situated employees, was and continues to be controlled by one person or group of persons, religious corporations, or other organizational units acting together.

12.    Upon information and belief, the Defendants share a common commercial business purpose, specifically, operating religious education institutions for the community.

13.    Upon information and belief, the finances of the Defendants, Congregation Machna Shalva, Inc., and Bobov Yeshiva Bnei Zion, were and continue to be commingled.

14.     Upon information and belief, Defendant, Menachem Goldberg, is an adult individual residing in Brooklyn, New York, who at all relevant times manages and makes all business decisions at Congregation Machna Shalva, Inc., and Bobov Yeshiva Bnei Zion, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

15.     Upon information and belief, Defendant, Joseph Deutsch, is an adult individual residing in Brooklyn, New York, who at all relevant times manages and makes all business decisions at Congregation Machna Shalva, Inc., and Bobov Yeshiva Bnei Zion, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

16.     Upon information and belief, Defendant, Menachem Goldberg, is the managing agent of Congregation Machna Shalva, Inc., and Bobov Yeshiva Bnei Zion, whose address is unknown at this time and who participated in the day-to-day operations of Congregation Machna Shalva, Inc., and Bobov Yeshiva Bnei Zion, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Congregation Machna Shalva, Inc., and Bobov Yeshiva Bnei Zion.

17.     Upon information and belief, Defendant, Joseph Deutsch, is the managing agent of Congregation Machna Shalva, Inc., and Bobov Yeshiva Bnei Zion, whose address is unknown at this time and who participated in the day-to-day operations of Congregation Machna Shalva, Inc., and Bobov Yeshiva Bnei Zion, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A

§203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable

18.     Plaintiff, Jorge Emilio Horna Martinez, was employed by Defendants in Kings County, New York, to work as a cleaner, porter, maintenance person, and cook/kitchen worker at Defendants' religious schools, from on or about June 2007 through on or about June 2013.

19.     At all relevant times, Congregation Machna Shalva, Inc., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

20.     At all relevant times, Bobov Yeshiva Bnei Zion was, and continues to be, "an enterprise engaged in commerce" within the meaning of the FLSA.

21.     At all relevant times, the work performed by Plaintiff, and other similarly situated employees, was and is directly essential to the educational and religious institutions operated by Congregation Machna Shalva, Inc., and Bobov Yeshiva Bnei Zion.

22.     At all relevant times, the work performed by Plaintiff, and other similarly situated employees, was and is directly essential to the educational religious institutions and  operated by Congregation Machna Shalva, Inc., and Bobov Yeshiva Bnei Zion.

23.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages in contravention of the FLSA and New York Labor Law.

24.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime wages in contravention of the FLSA and New York Labor Law.

25.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium, in contravention of the New York Labor Law.

26.     Plaintiff, Jorge Emilio Horna Martinez, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

27.     In or around June 2007, Plaintiff, Jorge Emilio Horna Martinez, was hired by Defendants to work as a cleaner, porter, maintenance man, and cook, at Defendants' religious schools known as Congregation Machna Shalva, Inc., and Bobov Yeshiva Bnei Zion, located at multiple locations in Kings County, New York.

28.     Plaintiff, Jorge Emilio Horna Martinez, worked continuously for the defendants during the time period spanning June 2007 until on or about June 2013.

29.     During Plaintiff Jorge Emilio Horna Martinez's employment by Defendants, he worked well over forty (40) hours per week.  Plaintiff generally worked six (6) days a week, and his work shift often consisted of up to twelve (12) or more hours per day.

30.     Plaintiff was not paid minimum wages or overtime wages. Plaintiff was paid four hundred dollars ($400.00) per week throughout his employment, and he worked sixty-five (65) to seventy-two (72), or more, hours per week.  Work performed above forty (40) hours per week was not paid at time and one-half the statutory minimum rate of pay as required by state and federal law.

31.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff and other similarly situated employees.

32.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

33.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other similarly situated employees.

34.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

35.     Defendant, Menachem Goldberg, is an individual who, upon information and belief, manages and makes all business decisions on behalf of Congregation Machna Shalva, Inc., and Bobov Yeshiva Bnei Zion, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

36.     Defendant, Joseph Deutsch, is an individual who, upon information and belief, manages and makes all business decisions on behalf of Congregation Machna Shalva, Inc., and Bobov Yeshiva Bnei Zion, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

## STATEMENT OF CLAIM

## COUNT I
### [Violation of the Fair Labor Standards Act]

37.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "36" of this Complaint as if fully set forth herein.

38.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

39.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

40.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

41.     Plaintiff, and other similarly situated employees, worked hours for which he was not paid the statutory minimum wage.

42.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and other similarly situated employees, for their hours worked.

43.     Defendants failed to pay Plaintiff, and other similarly situated employees, minimum wages in the lawful amount for his hours worked.

44.     Plaintiffs were entitled to be paid at the rate of time and one-half the statutory minimum for all hours worked in excess of the maximum hours provided for in the FLSA.

45.     Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

46.     At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

47.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure Plaintiffs.

48.     As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

49.     Defendants failed to provide Plaintiff with a statement with every payment of wages pursuant to New York Labor Law § 195(3).

50.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

51.     Defendants did not provide Plaintiff and all other similarly situated employees, with any document or written statement accurately accounting for their actual hours worked, and setting forth their hourly rate of pay, regular wage, and/or overtime wages.

52.     Upon information and belief, this was done in order to disguise the actual number of hours the employees worked, and to avoid paying them for their full hours worked; and, overtime due.

53.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

54.     Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants.   Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

55.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

56.     Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

57.     Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

58.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "57" of this Complaint as if fully set forth herein.

59.     At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

60.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay minimum wages in the lawful amount for hours worked.

61.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay for each hour worked in excess of forty (40) hours in a workweek.

62.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premium for each day he worked ten (10) or more hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

63.     Due to the Defendants' New York Labor Law violations, Plaintiff, and other similarly situated employees, are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al*. and § 198.  Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, Jorge Emilio Horna Martinez , on behalf of himself, and all similarly situated employees, respectfully requests that this Court grant the following relief:

(a)     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b)     An injunction against defendants, their officers, agents, successors, employees, representatives and any and all persons acting in concert with it as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

(c)     An award of unpaid wages and/or minimum wages due under the FLSA and New York Labor Law;

(d)     An award of unpaid overtime wages due under the FLSA and New York Labor Law;

(e)     An award of unpaid "spread of hours" premium due under the New York Labor Law;

(f)     An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(g)     An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

(h)     An order tolling the statute of limitations herein;

(i)     An award of prejudgment and post-judgment interest;

(j)     An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

(k)     Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
February 4, 2014

Respectfully submitted,

By: _____
      Peter H. Cooper  (PHC 4714)

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile  (212) 209-7102
pcooper@jcpclaw.com

13

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Jorge Horna_, am an employee formerly employed by _Bobov Yeshiva Bheizian Congratioo Hadna Inc._, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York

_Jan. 30_, 2014

Sworn to before me this _30_ day of _January_ 2014.

_____
Notary Public

PETER H. COOPER
Notary Public, State of New York
No. 02CO5059941
Qualified in NEW YORK County
Commission Expires MAY 6, 20 _14_